## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **JASON LAIN,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:23-CV-00739** |
| | § | |
| **GREAT LAKES INSURANCE** | § | |
| **COMPANY SE,** | § | |
| **Defendant.** | § | |

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant, Great Lakes Insurance SE ("Great Lakes") [1], files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## I.     BACKGROUND

1.      On February 22, 2023, Plaintiff Jason Lain ("Plaintiff") filed this action in the 14th Judicial District Court of Dallas County, Texas, bearing Cause No. DC-23-02491 (the "State Court Action"), against Great Lakes Insurance Company SE ("Great Lakes"). Plaintiff's Original Petition (the "Complaint") is the live pleading in this case.  Plaintiff has demanded a jury. (A copy of the Complaint is attached in accordance with 28 U.S.C. § 1446(a) as Exhibit A-2).

2.      Upon information and belief, Great Lakes has not yet been served.  Citation as to Great Lakes was issued by the clerk on March 20, 2023[2]; therefore, this notice of removal is timely filed by Great Lakes, it being filed no more than thirty days after service of Great Lakes, in accordance with 28 U.S.C. §§ 1441 and 1446.

---

[1] Incorrectly named as Great Lakes Insurance Company SE in the Original Petition but appearing in its correct capacity herein.
[2] *See* Exhibit A-5.

## II.     BASIS FOR REMOVAL: DIVERSITY JURISDICTION

3.     Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because: (1) there is complete diversity between Plaintiff and Great Lakes, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.     Complete diversity exists.**

4.     Plaintiff's State Court Action may be removed to this Court because it arises under 28 U.S.C. § 1332.

5.     Plaintiff states in the Complaint that he resides in Texas. Therefore, upon information and belief, Plaintiff is domiciled in Texas and, thus, a citizen of Texas.

6.     Great Lakes is a foreign non-admitted surplus lines insurer engaged in the business of insurance in the State of Texas. Great Lakes Insurance SE is incorporated in Germany and has its principal place of business in Germany. Therefore, Great Lakes is a citizen of Germany for purposes of diversity jurisdiction.

7.     Thus, there is complete diversity of citizenship between Plaintiff and Defendants.

**B.     Amount in Controversy Exceeds $75,000.**

8.     To determine the amount in controversy, the Court should "first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount."[3] "If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy."[4] Courts have consistently considered pre-suit demand letters as such evidence in determining whether the amount in controversy requirement is satisfied.[5]

---

[3] *St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).
[4] *Id.*
[5] *Id.* at 1254-55; *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994); *Molina v. Wal–Mart Stores Tex., L.P.*, 535 F.Supp.2d 805, 808 (W.D. Tex. 2008) (citations omitted)); *see Williams v. Companion Prop. & Cas. Ins. Co.*, 2013 WL 2338227, at *1 (S.D. Tex. May 27, 2013) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998); *Escobedo v. Marmaxx Operating Corp.*, 2009 WL 1636245, at *2 (S.D. Tex. June 10, 2009); *Molina v. Wal–Mart Stores Tex., LP*, 535 F.Supp.2d 805, 808 (W.D. Tex. 2008)).

9.    In this case, on the face of the Complaint, Plaintiff generically pleads that "the amount in controversy exceeds the minimum jurisdictional limits" and "Plaintiff seeks monetary relief of $250,000 or less and non-monetary relief."[6]  Plaintiff's pre-suit demand provides more specifics, however, and states Plaintiff intends to seek at least $344,346.74 in alleged damages, $108,039.76 of which Plaintiff alleges accounts for actual damages.[7]

10.    Therefore, because Plaintiff's pre-suit demand establishes that Plaintiff is seeking damages in excess of $75,000, excluding interest and costs, the amount in controversy requirement for removal set forth in 28 U.S.C. § 1446(c)(2)(A)–(B) is satisfied.

### III.    VENUE

11.    Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the 14th Judicial District Court of Dallas County, Texas, the forum in which the removed action was pending.

### IV.    ADDITIONAL REQUIREMENTS

12.    Pursuant to 28 U.S.C. § 1446(a), this notice of removal is accompanied by copies of the following:

| | |
|---|---|
| **Exhibit A:** | Index of all documents that clearly identifies each document and indicates the date the document was filed in state court; |
| **Exhibit A-1** | Case information including docket summary; |
| **Exhibit A-2 – A-9:** | All documents filed in the State Court Action; |
| **Exhibit B:** | List of counsel; and |
| **Exhibit C:** | Plaintiff's Pre-Suit Demand. |

---

[6] *See* Exhibit A-2: Plaintiff's Complaint, ¶¶ 4, 7.
[7] *See* Exhibit C: Demand Letter from Insured, dated November 16, 2022.

13.     Written Notice of Removal will be provided to Plaintiff and filed with the District Clerk of Dallas County, Texas.  Plaintiff has requested a jury trial.

14.     Therefore, Defendant gives notice that the above-referenced action pending in the 14th Judicial District Court of Dallas County, Texas has been removed to this Court.

Respectfully submitted,

By: */s/ Valerie Henderson*
**Valerie Henderson**
Texas Bar No. 24078655
**Judson Mahan**
Texas Bar No. 24109100
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ. P.C.**
1301 McKinney Street, Suite 3700
Houston, Texas 77010
Telephone: (713) 650-9700
Facsimile: (713) 650-9701
vhenderson@bakerdonelson.com
jmahan@bakerdonelson.com

**Alexis N. Del Rio\***
Texas Bar No. 24120796
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ. P.C.**
1301 McKinney Street, Suite 3700
Houston, Texas 77010
\*Remote employee located in Dallas, Texas
Telephone: (956) 827-0864
Facsimile: (713) 650-9701
adelrio@bakerdonelson.com

*Attorneys for Defendant Great Lakes Insurance SE*

## CERTIFICATE AND NOTICE OF FILING

I certify that on April 6, 2023, Notice of Removal was sent to the District Clerk of Dallas County, Texas, and that written notice of filing of the Notice of Removal was served via certified mail, return receipt requested, upon the Plaintiff.

*/s/ Valerie Henderson*
Valerie Henderson

## **CERTIFICATE OF SERVICE**

     I certify that a true and correct copy of the Notice of Removal of Civil Action has been served upon the following counsel of record via certified mail, return receipt requested, pursuant to the Federal Rules of Civil Procedure on April 6, 2023:

     Michelle "Shelly" Calhoun
     W. Lee Calhoun
     Preston J. Dugas III
     Dugas & Circelli, PLLC
     1701 River Run, Suite 703
     Fort Worth, Texas 76107
     scalhoun@dcclawfirm.com
     lcalhoun@dcclawfirm.com
     pdugas@dcclawfirm.com

                             */s/ Valerie Henderson*
                             Valerie Henderson